# Exhibit 1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Vicky R. Smith
_____

2910 Vista Street N.E.,                                   Plaintiff
Washington D.C. 20018 vs.
                                                         Case Number   2015 CA 004579 M
                                                         _____

Boston Scientific Corporation
_____
300 Boston Scientific Way              Defendant
Marlborough, MA 01752   Serve on: 84 State Street, Boston MA, 02109
**SUMMONS**
To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

B. Marian Chou
_____                          _Clerk of the Court_
Name of Plaintiff's Attorney

717 D Street, N.W., #415,
_____                  By _____
Address                                                       Deputy Clerk
Washington D.C. 20004
_____

202-783-2794 ; 202-789-1186                              6/26/2015
_____                  Date _____
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ከፈለጉ አማርኛ (202) 879-4828 ያስተዳድሩ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                      CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Vicky R. Smith
2910 Vista Street N.E., — Demandante
Washington D.C. 20018

contra

Número de Caso: 2015 CA 004579 M

Boston Scientific Corporation
300 Boston Scientific Way — Demandado
Marlborough, MA 01752 Serve on: 84 State Street, Boston MA, 02109

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

B. Marian Chou
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

717 D Street, N.W., #415,
Dirección
Washington D.C. 20004

Por: ______________________
Subsecretario

202-783-2794 ; 202-789-1186
Teléfono

Fecha ______________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VICKY R. SMITH
    Vs.                                                       C.A. No.        2015 CA 004579 M
MEDICAL FACULTY ASSOCIATES et al

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MAURICE ROSS
Date: June 22, 2015
Initial Conference: 9:00 am, Friday, September 25, 2015
Location: Courtroom 100
   · 500 Indiana Avenue N.W.

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

Filed
D.C. Superior Court
06/29/2015 18:23PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

VICKY R. SMITH       *
2910 Vista Street, N.E.,      *   Civil Action No.: 2015 CA 004579 M
Washington, D.C., 20018     *
     Plaintiff,      *   Jury Demanded
            *
v.            *
            *
FREDERICK B. HENDRICKS    *
2300 M Street, N.W.  Suite 210    *
Washington D.C. 20037      *
            *
MEDICAL FACULTY ASSOCIATES,   *
Inc.,            *
2150 Pennsylvania Ave. N.W.,     *
Washington D.C. 20037      *
Serve on Registered Agent,     *
1090 Vermont Street, N.W.      *
Washington, D.C. 20005      *
            *
BOSTON SCIENTIFIC CORPORATION   *
300 Boston Scientific Way,      *
Marlborough, MA 01752      *
Serve on Registered Agent,      *
84 State Street, Boston MA, 02109
     Defendants,

*****************************************************************

**COMPLAINT FOR MEDICAL NEGLIGENCE, LACK OF INFORMED CONSENT; NEGLIGENCE MANUFACTURE OF A DEFECTIVE PRODUCT; BREACH OF DUTY TO WARN; NEGLIGENT PRODUCT DESIGN; BREACH OF IMPLIED WARRANTY OF MERCHANT ABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; BREACH OF EXPRESS WARRANTY; FRAUDLENT MISRPRESENTATION; VIOLATION OF DC CONSUMMER PROTECTION STATUTE AND PUNITIVE DAMAGES**

**I.   JURSIDICTION AND VENUE**

   1.   Jurisdiction of this Court is founded upon D.C. Code Section 11-921, 13-422 and

13-423.

   2.   The incidents complained of herein all occurred within the District of Columbia.

**II.   PARTIES**

1

3.   Plaintiff, Vicky R. Smith, ("Ms. Smith) is a 47 years old African-American female resides at 2910 Vista Street, N.E., Washington, D.C., 20018.

4.   Defendant, Frederick B. Hendricks, M.D. ("Dr. Hendricks") is a physician duly licensed to practice medicine and perform surgery in District of Columbia. Dr. Hendricks is Board-Certified in Urology and an associate professor at The George Washington University School of Medicine and Health Science. Dr. Hendricks is a healthcare provider as defined in 16 D.C. code §2801(2).

5.   Upon information and belief, Dr. Hendricks practices medicine at The Medical Faculty Associate of the George Washington University at 2300 M Street, N.W. #201, Washington D.C., 20037

6.   Defendant the George Washington Medical Faculty Associate, Inc. ("GW Medical Faculty") is a District of Columbia corporation located at 2150 Pennsylvania Ave., N.W., Washington D.C., 20037. GW Medical Faculty is a health provider as defined in 16 D.C. code §2801(2).

7.   Defendant Boston Scientific Corporation ("Boston Scientific") is organized under Delaware law with its principal office resides at 300 Boston Scientific Way, Marlborough MA, 01752. Boston Scientific is a medical devices and solutions manufacturer since 1979.

### III.   NOTICES OF INTENT PURSUANT TO 16 D.C. CODE §2802.

8.   On September 17, 2014, notice of intent to file suit were sent via First Class Mail and Certified Mail Return Receipt Requested on behalf of Ms. Smith to Boston Scientific at its registered agent's office at 84 State Street, Boston MA, 02109. *See Exhibit 1: Copy of the notices of intent to file suit with signed return receipt*

9.  On May 21, 2015, notice of intent to file suit was sent via Certified Mail Return

Receipt Requested on behalf of Ms. Smith to George Washington University Hospital at

900 23rd Street, N.W., Washington D.C, 20037. *See Exhibit 2: Copy of the notice of*

*intent to file suit with signed return receipt.*

10. On June 11, 2015, Plaintiff's counsel sent out another other copies of notice of

intent to file suit via Certified Mail Return Receipt Requested on behalf of Ms. smith to

GW Medical Faculty at both its registered agent's office at 1090 Vermont Street, N.W.,

Washington, D.C. 20005 and its business office at 2150 Pennsylvania Ave., N.W.,

Washington, D.C., 20037.  Only one return receipt from GW Medical Faculty registered

agent were received as of June 19, 2015. *See Exhibit 3: Copies of the notices of intent to*

*file suit with USPS tracking information and signed return receipt.*

11. On May 26, 2015, notice of intent to file suit was sent via Certified Mail Return

Receipt Requested on behalf of Ms. Smith to Dr. Hendricks at George Washington

University Hospital at 900 23rd Street, N.W., Washington D.C, 20037.  No return receipt

was received as of June 19, 2015. *See Exhibit 4: Copies of the notices of intent to file suit*

*with USPS tracking information*

12. On June 5th, 2015, Plaintiff's counsel discovered that Dr. Hendricks has his

office addressed at 2300 M Street, N.W. Suite 210 Washington, D.C., 20037. Plaintiff's

counsel promptly prepared another copy delivered by Mr. Joe Wade, 60 year-old male, to

the above captured address to fully comply with 16 D.C. code §2802. Ms. Charnita, a

receptionist at Dr. Hendricks' office, accepted the notice. *See Exhibit 5: Copy of the*

*notice of intent to file suit with Affidavit of Service*

## IV.   FACTS

3

13. Boston Scientific is one of the leading manufacturer that produces, designs, researches, distributes, sells and promotes medical products used to diagnose, and treat a wide range of medical condition, including heart, digestive, pulmonary, vascular, urological, women's health and chronic pain.

14. Boston Scientific produces, designs, researches, distributes, sells and promotes the Advantage Transvaginal Mid- Urethral Sling System ("Advantage"), implanted surgical mesh devices, as a treatment to pelvic organ prolapse and stress urinary incontinence ("SUI").

15. Upon information and belief, Boston Scientific obtained Federal Food and Drug Administration ("FDA") approval to market Advantage Mesh under section 510(k) of the Medical Device Amendment to the Federal Food, Drug and Cosmetic Act. Section 510(k) provides an alternative way to get approval of marketing medical devices without formal review and examination when a substantially equivalent device has already been approved and legally marketed.

16. Upon information and believe, on October 20, 2008, U.S. Food and Drug Administration ("FDA") has issued a recommendation to healthcare practitioners to alert the minor complications associated with Transvaginal placement of surgical mesh to treat Pelvic Organ Prolapse ("POP") and Stress Urinary Incontinence ("SUI").

17. On July 13, 2011, FDA further issued an update on serious complications associated to Transvaginal placement of surgical mesh based on an updated analysis of adverse events reported to FDA. The issuance of this notification is approximately one year before Ms. Smith' s surgery.

18. On April 9, 2012, Ms. Smith was referred to GW medical faculty with complaints of recurrent urinary tract infection and stress urinary incontinence that requires wearing a pad at all times.

19. Dr. Hendricks scheduled a urinary tract sonogram and cystoscopy for Ms. Smith.

20. On April 17, 2012, Ms. Smith received her ultrasound renal test at GW medical faculty, which indicates urinary tract infection and stress incontinence.

21. On or about May 1, 2012, Ms. Smith completed her stress test, which confirmed Dr. Hendricks' s diagnosis of stress urinary incontinence. Dr. Hendricks described the leakage as " Ms. Smith is required to wear a pad 24 hours a day and is soaked at the end of each day."

22. Dr. Hendricks noted that " a thorough discussion was carried out with the patient"; "after thorough discussion and explanation, the patient opted to have TVT suspension surgery"; "all aspects were discussed", and scheduled Ms. Smith a TVT suspension surgery.

23. Ms. Smith was not given any discussion and explanation as suggested in GW medical record. Ms. Smith did not receive any literature but was given a simple consent form to sign before her mesh surgery.

24. In FDA' s 2011 updated Public Health Notification to healthcare practitioner, it specifically recommend providers to: " inform patients that implantation of surgical mesh is permanent, and that some complications associated with the additional surgery that may or may not correct the complications"; "inform patients about the potential for serious complications and their effect on qualify of life"; "provide patients with a copy of the patient labeling from the surgical mesh manufacturer"; "choose mesh surgery only

after weighing the risks and benefits of surgery with mesh versus all surgical and non-surgical alternatives"; "inform the patient about the benefits and risks of non-surgical options, non-mesh surgery, surgical mesh placed abdominally and the likely success of these alternatives compared to transvaginal surgery with mesh"

25. Ms. Smith never received any of the information regarding to the mesh complications, nor she was ever aware of the erosion and permanent condition mesh may result as FDA identified in its two PHNs

26. Dr. Hendricks failed to perform as a Urology healthcare provider to Vicky Smith.

27. On or about June 21, 2012, Dr. Hendricks performed a surgery on Ms. Smith, which described as Cystoscopy and implanted the Boston Scientific Advantage Transvaginal Mid-Urethral sling system ("Advantage").

28. On or about June 23, 2012, Ms. Smith started experiencing abdominal full scale (10 our of 10) of pain.

29. CT scan was ordered to identify Ms. Smith's continuous abdominal pain. The result shows a small focus of air identified within the left pelvic mesentery, and a small amount of free fluid layering within the pelvis. The reports suggested that the air is likely secondary to the Ms. Smith' s recent surgery.

30. On or about June 25, 2012, Ms. Smith was discharged by Dr. Hendricks and scheduled to follow-up in one week.

31. On or about June 27, 2012, Ms. Smith returns to the hospital for a post operation visit. Dr. Hendricks examined Ms. Smith as "no leakage", "healing very nicely", and put no restrictions besides intercourse and use of tampon. The final post operation visit is scheduled in three weeks.

32. On or about July 24, 2012, Dr. Hendricks examined Ms. Smith and described her condition as "quite nicely", "completely healed" and "fully recovered". No follow-up was scheduled afterwards. Dr. Hendricks suggested Ms. Smith could "return as needed".

## COMPLICATIONS AND ADVERSE EVENTS

33. On or about April 30, 2013, Ms. Smith was referred to Dr. Nixon Asomani at Providence Hospital for continuous post-menopausal bleeding and severe pain in the lower back.  An ultrasound pelvic transvaginal non-ob procedure was performed by Dr. Jake Vrdoljak, which identified her symptoms as Dysfunctional uterine bleeding in clinical indication.

34. On June 7, 2013, Ms. Smith returned to Providence Hospital with continuous bleeding over 3 months for dilation and curettage surgery, which her endometrium was curetted for pathology. Postoperative diagnosis included abnormal uterine bleedings, menorrhagia, severe cervical stenosis, and chronic cystic cervicitis.

35. On August 3, 2013, Ms. Smith was sent to Providence Hospital Emergency Department with musculoskeletal and low back and joint pain. The pain was described as throbbing, gnawing and aching.

36. On August 18, 2013, Ms. Smith was sent to Providence Hospital emergency department again for heavy non-stop vaginal bleeding that started on August 16, 2013. Ms. Smith stayed in Providence for overnight care and receiving fluid.

37. In the emergency room, Ms. Smith stated that she was required to use average 10 to 12 pads in a couple of hours in those days. It is further noted in the medical records that Ms. Smith actually used 12 pads from 2:00 a.m. to 8:00 p.m., approximately 18 hours.

38. Ms. Smith was diagnosed as dysfunctional uterine bleeding, and multiple urinalyses were performed. Ms. Smith was discharged on August 19, 2013.

39. On August 23, 2013, Ms. Smith' s primary care nurse practitioner ordered a MRI of lumbar spine for Ms. Smith

40. On April 8, 2014, Ms. Smith went back to GW Medical Faculty to see Dr. Hendricks, who originally operated on her.  Dr. Hendricks noted that Ms. Smith "was found to be doing quite well," and Ms. Smith has begun to notice appearance of some slight leakage of urine when she is coughing and/or sneezing.

41. Dr. Hendricks noted that "pelvic exam reveals good hygiene and there appears to be goof urethral support with maintenance of a very satisfactory urethrovesical angle"; no leaking was observed on coughing"; urethral support is maintained." Dr. Hendricks then scheduled cystoscopy and stress test for Ms. Smith.

42. Upon information and belief, this medical record was made two years from the implantation, and over one year after Ms. Smith underwent several intrusive procedures, correction surgery, multiple heavy bleeding, and extreme pain management in Providence Hospital.

43. On or about May 9, 2014, cystoscopy procedure confirmed the possible mild stress urinary incontinence, which was contrary to Dr. Hendricks' first impression on April 8th, 2014.  Ms. Smith was given some pills, but started vomiting when she got home.

44. Dr. Hendricks referred Ms. Smith to Urology department Pelvic Floor Center for further evaluation and treatment. No other constructive treatment plans were discussed.

45. On July 7, 2014, Ms. Smith presented at GW medical faculty urology department pelvic floor. Ms. Smith was given instruction on Kegel exercises and bladder retaining,

and Dr. Andrawis noted " due to the leakage, I will facilitate ordering incontinence supplies for Ms. Smith."

46. On August, 20, 2014, Dr. Nixon Asomani from Providence Hospital concluded his diagnosis.  His final diagnosis was complications form mesh placement, pelvic pain with pressure.  Dr. Asomani referred Ms. Smith to Providence Washington Hospital Center for advanced pelvic surgery

47. On September 13, 2014, Ms. Smith was sent to Providence emergency department for heavy menstrual cycle, back pain and headache. Ms. Smith was diagnosed as dysfunctional uterine bleeding, prescribed five different kinds of medicine, and finally left Providence at 3:00 a.m. in the morning the other day.

48. On October 27, 2014, Ms. Smith was seen by Dr. Phillip Proctor for mesh placement and pelvic pain.  Dr. Proctor diagnoses included incontinence of urine in female, the Stress Urinary Incontinence, and retained vaginal foreign body.  Dr. Proctor further noted that "Disc exposed/extruded vaginal tape on the right paraurethral sulcus either from incision breakdown or misplacement of right tunnel"; " Disc will need to assess for bladder erosion as well, due to chronic pelvic pain and excision of tight tape arm if appropriate"; Disc cannot insert another tape unless vaginal mucosa heals."

49. According to Ms. Smith' s medical records, Ms. Smith was on nine different kind of medication at the time.

50. On November 18, 2014, Ms. Smith was admitted to Providence hospital for surgery identified as Cystourethroscopy and excision of exposed mid urethral sling tape by Dr. Phillip J. Proctor.

51. Both Ms. Smith's preoperative and postoperative diagnoses were urinary incontinence and exposed mid urethral mesh/tape.

52. Ms. Smith suffered great amount of sharp pain in the back before the surgery and during the operation preparation as described as 9 out of 10 intensity.

53. Dr. Phillip Proctor located an exposed arm at the right side of the mesh tape eroded through the anterior vaginal wall near the sulcus in Ms. Smith. Dr. Proctor also indicated that Ms. Smith continued suffering from stress incontinence (SUI).

54. Dr. Phillip Proctor was able to cut the exposed right-side mesh tape and retracted it back into the vaginal mucosa. Dr. Proctor also cut the left leg as it was dissected slightly under the mucosa.

55. Besides the above captured correction, Dr. Proctor told Ms. Smith that it would be a risky of life to remove the mesh tape.  Ms. Smith was prescribed three additional medications and was discharged after certain degrees of recovery.

**BOSTON SCIENTIFIC ADVANTAGE**

56. Boston Scientific "Advantage" is a Transvaginal Mid-Urethral Sling system, intended for use as a suburethral sling for the treatment of stress urinary incontinence resulting from urethral hypermobility and/or intrinsic sphincter deficiency.

57. Advantage is a sterile, single use device, consisting of a knitted polypropylene monofilament fiber mesh body implant.

58. Upon information and belief, polypropylene monofilament fiber material is the cause of vaginal mesh erosion, the most severe complication.  The rough edge of the material would cut into the soft tissues of vagina, bladder or rectum, and cause a variety of serious problems, including but not limited to severe pelvic pain, inability to have

sexual intercourse, recurrence of urinary incontinence, bleeding, and in some case death. Mesh erosion may also hurt the men when intercourse is attempted.

59. Advantage brochure available on Boston Scientific website as of today, June 17, 2015, omits any and all adverse events and/or failure associated with Advantage, including but not limited to, erosion, which was known to Boston Scientific and reported to FDA at all time at least since 2008.

60. Advantage brochure was not updated at all since 2003. Warnings and adverse events are only updated in separate pages.

61. On October 20, 2008, FDA issued the first Public Health Notification ("PHN") to Healthcare Practitioner that described over 1,000 adverse events had been reported to FDA un three years relating to mesh products. PHN further addressed that the most frequent complications including erosion through vaginal epithelium, infection, pain, urinary problems and recurrence of prolapse and/or incontinence.

62. On July 13, 2011, FDA updated its 2008 PHN to advise, "Serious complications associated with surgical mesh for transvaginal mesh."

63. July 2011 PHN update descried that besides the over 1,000 reports received between 2005 to 2007, additional 2,874 reports were filed associated with surgical mesh devices during 2008 to 2010.

64. Although FDA did not address certain manufacturer or brand name in the PHN, in FDA Manufacturer and User Facility Device Experience ("MAUDE") database, it includes hundred of injury reports arising from Advantage implantation to erosion, pain and incontinence were filed in FDA. Many of the complications reported required additional intervention, including medical or surgical treatment and hospitalization.

65. At all times relevant herein, Boston Scientific knew or should have known that Advantage was defective, and the defect was attributable to the erosion and other health problems. Removal of eroded or infected Advantage would be nearly irreversible after a certain period of time, or it would bring a high-risk, life threatening surgeries.

66.  Upon information and belief, all of the information above was known or should have known by Dr. Hendricks, as a professional Urology healthcare provider and a leading teaching hospital professor, and Boston Scientific as a leading manufacturer in the field prior to Ms. Smith's implantation.

67.  Upon information and belief, some other manufacturers voluntarily stopped selling their mesh devices after a great amount of lawsuits filed in court. These off-market mesh devices were identified as "substantially equivalent" as Boston Scientific mesh products by FDA 510(K) program.

68. Boston Scientific has known or should have known and continues to know that its Advantage was/are causing numerous patients severe injuries and complications.

69. Boston Scientific failed to be alerted and perform or rely on proper and adequate testing and research in order to determine and evaluate the risks and benefits of its Advantage products.

70. Boston Scientific failed to disclose to the public, physicians, patients or Ms. Smith that Advantage was subject to erosion, and numerous serious complications and adverse events.

71. Until today, Boston Scientific continuous to promote Advantage and claims that its reformed model Advantage Fit System as safe and effective alternatives when no clinical trials have been done supporting either products.

72. Upon information and belief, Advantage Fit System latest brochure promotes Advantage Mesh product series reached over 500,000 implanted to date with no warnings or adverse events disclosure in an obvious location in their own web page or brochure.

73. Boston Scientific concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with Advantage devices.

V.    Cause of Actions

## COUNT I. FOR MEDICAL NEGLIGENCE
## AGAINST DR. HENDRICKS AND MEDICAL FACULTY ASSOCIATE, INC. ONLY

74. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

75. At all times relevant hereto, Dr. Hendricks was acting as an employee or agent of Defendant Medical Faculty Associates, Inc.

76. Defendant Medical Faculty Associate, Inc. is liable for the conduct of Dr. Hendricks pursuant to vicarious liability and the doctrine of respondeat superior.

77. At all times, Medical Faculty Associate, Inc. has control over Hendricks' practices over the years, including Ms. Smith's June 21, 2012 operation. Medical Faculty Associate, Inc. is also liable because Medical Faculty has vicarious liability, namely, they can retained the right to give orders to Dr. Hendricks, to control the performance of Dr. Hendricks's work and they have control the way that Dr. Hendricks performed the work.

78. At all times of which Ms. Smith complaints, Dr. Hendricks represented to Ms. Smith and the public that he possessed the degree of skill, knowledge, and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving Ms. Smith.

79. Ms. Smith believes that Dr. Hendricks owed to Ms. Smith the duty to exercise the degree of skill, care, and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty required the employment of appropriate procedures, surgical care and/or treatment to correct conditions without injury upon Ms. Smith, continuous evaluation of her condition, and effects of such procedure, surgical care and/or treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation- all of which Dr. Hendricks failed to do.

80. During Dr. Hendricks' treatment of Ms. Smith, Dr. Hendricks was medically negligent and breached the applicable standard of care in that:

    a.   Dr. Hendricks failed to advise and provide adequate information to Plaintiff prior to the June 21, 2012 surgery regarding the proposed procedure, the known risks and the possible complications involved with the surgery, including but not limited to, the failure of the mesh and erosion of the mesh and/or sling into another anatomical structure.

    b.   Dr. Hendricks failed to property insert the mesh during the June 21, 2012 surgery, causing pain in Ms. Smith's abdomen, urinary incontinence, urinary urgency, urinary frequency, and painful sexual intercourse.

    c.   Ms. Smith's constellation of signs and symptoms between June 21, 2012, after surgery, and through November 2014, she began to see Dr. Proctor at Providence hospital.

    d.   Dr. Proctor examined Ms. Smith and found an exposed arm at the right side of the mesh tape in 2014. The arm was eroded through the anterior vaginal wall near the sulcus.

e. Dr. Hendricks failed to follow up the FDA warning in 2011 and still insert the vaginal mesh and sling in 2012. He also failed to detect the erosion of the mesh in Smith's body even as in both June and July 2012.

f. Dr. Hendricks failed to refer Ms. Smith for testing to diagnose the improperly place vaginal mesh. In fact, he pretended that Ms. Smith was in good health in July 2014, even when she went back to him after suffering continuous pain and urinary incontinence.

g. Ms. Smith had to go to another doctor, Dr. Proctor, to seek second opinion.

81. During the period that Dr. Hendricks treated Ms. Smith, Dr. Hendricks should have known that he was medically negligent in the treatment he provided.

82. As a direct and proximate result of Dr. Hendricks' medically negligent conduct and breaches of the applicable standard of care as aforesaid, Ms. Smith, among other things:

a. Has undergone, continues to experience and will continue to experience in the future immense physical pain and suffering;

b. Has undergone and continues to experience mental pain, suffering and anguish;

c. Has undergone at least one surgery and may need to undergo more surgeries in the future to have her pelvic area reconstructed.

d. Has suffered severe physical pain and suffering and mental pain, suffering and anguish resulting from her having to continuously live with abdominal and

pelvic pain, recurrent SUI, and tremendous amount of clogging bleeding for days

when she has her menstrual period.

    e.  Suffered potential permanent physical injuries and damages, including but

not limited to her inability to control her urine, and incontinence and inability to

control her urine flow resulting in the need to wear heavy incontinence pad all the

time;

    f.  Incurred and will incur special damages for additional medical treatment

and lost wages.

    83. As a further result of Ms. Smith's aforesaid injuries and future needs to have

surgeries and operations, she is demanding $1,500,000.00 for medical negligence against

both GW Medical Faculty Inc. and Dr. Hendricks jointly and severally.

### COUNT II.  LACK OF INFORMED CONSENT
### AGAINST Dr. Hendricks and GW Medical Faculty Associate Inc.

    84. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and

every allegation contained in the preceding paragraphs.

    85. Dr. Hendricks committed medical negligence and/or breached the standard of care

to obtain Ms. Smith's informed consent in that he:

    a.  Failed to adequately explain both the nature of the proposed June 21, 2012

surgery and the risks and alternatives associated prior to the June 21, 2012

surgery;

    b.  Failed to inform Ms. Smith of the known failure rate of the mesh and the

associated risks and complications associated with the potential failure of the

mesh prior to the May 21, 2012 surgery;

c.   Failed to inform Ms. Smith of the risk and/or known complications of the

mesh and/or sling eroding into her body such as the vagina, bladder or urethra

prior to her June 2012 surgery;

d.   Failed to inform Ms. Smith that FDA and/or other U.S. Health officials

had issued warnings and/or alerts to physicians that women who have a surgical

mesh implanted to support their organs are at greater risk of pain, bleeding and

infection than women who undergo the same or similar procedure using stitches

prior to the June 21, 2012 surgery.

86. Ms. Smith and/or a reasonable patient would have considered this information to

be important in deciding whether or not to undergo her June 21, 2012 surgery.

87. Had Dr. Hendricks read FDA's 2011 warnings and provided Ms. Smith with

adequate information concerning the June 21, 2012 surgery to achieve her informed

consent, Ms. Smith would have elected not to undergo June 21, 2012 mesh implant.

88. During the period that Dr. Hendricks treated Ms. Smith, Dr. Hendricks should

have known that he was medically negligent in the treatment he provided.

89. As a direct and proximate cause of Dr. Hendricks' medically negligent conduct

and breaches of the applicable standard of care by failing to obtain Ms. Smith's informed

consent as aforesaid, Ms. Smith, among other things:

a.   has undergone, continues to experience and will continue to experience in

the future immense physical pain and suffering;

b.   has undergone and continues to experience mental pain, suffering and

anguish;

17

c.  has undergone multiple surgeries and may need to undergo surgeries in the future;

d.  has suffered severe physical pain and suffering and mental pain, suffering and anguish resulting from her having to continuously live with abdominal and pelvic pain, recurrent SUI, an inability to control her urine.  She could not enjoy intercourse due to the pain.

e.  Suffered potential permanent physical injuries and damages, including but not limited to her inability to urinate without heavy pads in the pants all the time; and

f.  Incurred and will incurred special damages for additional medical treatments and lost wages.

90. As a further result of Ms. Smith's aforesaid injuries and future needs to have operations, she is demanding $1,500,000.00 for lack of informed consent against both GW Medical Faculty Inc. and Dr. Hendricks jointly and severally.

## COUNT III.  NEGLIGENT MANUFACTURE OF A DEFECTIVE PRODUCT AGAINST Boston Scientific Corporation

91. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

92. At all times material hereto, Boston Scientific Corporation ("Boston Scientific") was in the business of developing, manufacturing and marketing medical devices for implant with the mesh devices.

93. At all times material hereto, Boston Scientific owed a duty to the public and any users of the mesh devices to exercise reasonable care, skill and diligence of an ordinarily prudent manufacture in making the mesh devices.

94. The manufacturing of the mesh devices was not reasonably fit for its intended purpose of providing effective treatment for pelvic organ prolapse, rectocele, enterocyte, and stress unitary incontinence.  The manufacturing process of the mesh devices created a risk of harm that was so probable that an ordinarily prudent manufacturer would have pursued a different available manufacturing process that would substantially lessen the probability of harm.

95. The failure of Boston Scientific's mesh devices that were implanted in Ms. Smith to treat her SUI on or about June 21, 2012 was the direct and proximate result of the negligence, carelessness and recklessness of Boston Scientific in the following particulars:

    a.  in manufacturing and providing mesh devices of such construction that could fail for multiple reasons during normal foreseeable use;

    b.  in failing to provide proper and clear warning of the dangers that the mesh devices might fail by not working as advertised and intended, causing the need for further surgery and other injuries and damages to the patient;

    c.  in manufacturing and providing mesh devices that were manufactured improperly and capable of erosion and malefaction during normal foreseeable use; in failing to use available knowledge to manufacture mesh devices that allow for normal foreseeable use;

    d.  in failing to provide adequate operating instructions and warnings to the surgeons who used the mesh devices even though Boston Scientific knew or should have known that such warnings were necessary for the safe use of the mesh devices;

e.  in failing to adequately inspect and test the mesh devices for safety prior

to offering them for sale'

f.  in failing to discover that the mesh devices were dangerously defective,

improperly manufactured, inadequately tested and inspected, entirely unfit for

duty and unsafe for use, constituting a hazard for the patient to whom the mesh

devices were placed.

96. Despite the fact that Boston Scientific knew or should have known that the mesh

devices were defective, Boston Scientific continued to manufacture, promote, and market

the mesh devices knowing that the defect was attributable to the erosion, hardening and

shrinkage of the mesh and sling material.

97. Had Boston Scientific exercised reasonable care, Boston Scientific would or

should have been in possession of evidence demonstrating that the mesh devices were

defective and had an increased risk in normal foreseeable use.  Nevertheless, Boston

Scientific continued to market the mesh devices by providing false and misleading

information with regard to their safety.

98. Boston Scientific knew or should have known that consumers such as Plaintiff,

Ms. Smith, would foreseeably suffer injury as a result of its failure to exercise ordinary

care as described above.

99. As a direct and proximate result of receiving Boston Scientific's mesh device,

Plaintiff, Ms. Smith, suffered serious injuries that required medical care and attention,

including additional surgery, additional hospital admissions. Plaintiff also suffered from

mental anguish, pain and agony as a direct and proximate result of the happening of

occurrence and was otherwise injured and damaged from receiving Boston Scientific's mesh device, for which this claims is made.

100.     No negligence on the part of the Plaintiff, Ms. Smith, contributed to the happening of occurrence.

101.     Plaintiff, Ms. Smith's injuries and damages as recited herein, occurred directly as a result and were proximately caused by the negligence, carelessness, and recklessness of Boston Scientific as described herein.

102.     Plaintiff demands to be compensated by Boston Scientific for her injuries and future medical treatments, pain and suffering for the amount of $5,000,000.00 (five millions dollars) for the mesh device implanted in her.

## COUNT IV.  BREACH OF DUTY TO WARN
### AGAINST Boston Scientific Corporation

103.     Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

104.     At all times material hereto, Boston Scientific was in the business of developing, manufacturing and marketing mesh devices for surgery.

105.     At all times material hereto, Boston Scientific owed a duty, to the public and any users of the mesh devices, to warn about the risks of the mesh devices when it knew, or should have known, that the mesh devices involved a risk of harm when used for the purpose supplied.

106.     Boston Scientific breached its duty to warn that the mesh devices involved a risk of harm when used for the purpose supplied.  Boston Scientific failed to exercise reasonable care, skill and diligence of an ordinarily prudent manufacture in warning consumers of the risks of the mesh devices.

107.    No negligence on the part of the Plaintiff, Ms. Smith, contributed to the happening of the occurrence.

108.    Plaintiff, Ms. Smith's injuries and damages as recited herein, occurred directly and were proximately caused by Boston Scientific's breach of duty to warn as described herein.

109. As a direct and proximate result of receiving Boston Scientific's mesh devices, Plaintiff suffered serious injury, has required medical care and attention, including additional surgery, and additional hospital admission; she has suffered mental anguish, depression, severe pain and agony as a result of the happening of the occurrence; and was otherwise injured and damaged, for which claim is made.

110. Plaintiff prays for judgment against Boston Scientific on this count for $5,000,000.00 (five million dollars).

## COUNT V. NEGLIGENT PRODUCT DESIGN
## AGAINST Boston Scientific Corporation

111. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

112. Boston Scientific and their representatives were manufacturers and/or distributors of the mesh devices.  At all times herein, Boston Scientific had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell their products.

113. Boston Scientific so negligent and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examined and supplied

22

the aforesaid products, that they were dangerous and unsafe for the use and purpose for which they were intended, that is, repairing/correcting Ms. Smith's SUI. As a result of the carelessness and negligence of Boston Scientific, Ms. Smith had the mesh device, Advantage, implanted in the manner intended by the manufacturer, and, as a result, Ms. Smith suffered the injuries and damages described herein.

114. Plaintiff prays for judgment against Boston Scientific for the amount of $3000000.00 (three millions dollars) for her pain and suffering for poor product design.

## COUNT VI.  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

115. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

116. Boston Scientific impliedly warranted that their mesh devices, which Boston Scientific designed, manufactured, assembled, promoted and sold to Plaintiff, where merchantable and fit and safe for ordinary use.  Boston Scientific further implied warranted that their mesh device were fit for the particular purpose of repairing/correcting her SUI respectively.

117. Boston Scientific's mesh devices were defective, not merchantable, and unfit for ordinary use when sold, and unfit for the particular purpose for which they were sold, and subjected Ms. Smith to severe and permanent injuries.  Boston Scientific breached the implied warranties of merchantability and fitness for a particular purpose when their synthetic mesh systems were sold to Plaintiff, in that the mesh devices are defective and have failed to function as represented and intended.

118. As a result of Boston Scientific's breach of the implied warranties of merchantability and fitness for a particular purpose, Ms. Smith has sustained and will

continue to sustain the injuries and damages described herein, and she is, therefore, entitled to compensatory damages.

119. After Plaintiff was made aware that her injuries were as a result of the mesh device, Plaintiff's attorney promptly sent out intent to sue notice dated September 17, 2014 to Boston Scientific. Boston Scientific had ample and sufficient notice of the breach of said warranty.  Boston Scientific has never contacted Ms. Smith to try to correct the problems for her.

120. Plaintiff prays for judgment against Boston Scientific for $1000000.00 (one millions dollars) for her injuries.

### COUNT VII. BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

### AGAINST Boston Scientific

121. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

122. At all times material hereto, Boston Scientific was and still is in the business of developing, manufacturing and marketing mesh devices.

123. AT all times material hereto, Boston Scientific made certain implied warranties, to the public and any users, that the mesh devices were safe and fit for a particular purpose.

124. Contrary to these implied warranties, the mesh devices were not safe and fit because they failed to operate properly when used in the manner for which they were intended to be used and for the purpose for which they were intended to be used.

24

125. Boston Scientific breached implied warranties under D.C. law that the mesh devices were reasonably safe and fit for the purposes and uses for which mesh devices were represented and sold.

126. Plaintiff relied upon the skill and judgment of Boston Scientific in selecting, designing, manufacturing, testing, marketing and selling the product for its intended and ordinary purposes.

127. Plaintiff has not contributed any negligence to the happening of the occurrence.

128. Plaintiff's injuries and damages are recited herein, occurred directly and were proximately caused by the breach of warranties of Boston Scientific as described herein.

129. As a direct and proximate causation of receiving Boston Scientific's mesh devices, Ms. Smith suffered serious injury, has required additional medical care and attention, including addition surgery; mental anguish and depression, severe pain and agony as a result of the mesh implant.

130. Plaintiff prays for judgment against Boston Scientific for $1000000.00 (one million dollars) for her injury and pain and suffering.

## COUNT VIII.  BREACH OF EXPRESS WARRANTY

### AGAINST Boston Scientific

131. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

132. Boston Scientific expressly warranted to Plaintiff and/or her authorized agents or sales representatives, in publications, and other communications intended for medical patients and the general public that the mesh devices were safe, effective, fit and proper for their intended use.

133. Plaintiff and her physicians reasonably relied upon the skill and judgment of Boston Scientific, and upon said express warranty, in using the aforesaid mesh devices. The warranty and representations were untrue in that the products caused severe injury to Ms. Smith and were unsafe and, therefore, unsuited for the use in which they were intended and caused Ms. Smith to sustain damages and injuries herein alleged.

134. As soon as the true nature of the mesh devices, and the fact that the warranty and representations were false, were ascertained, Boston Scientific had ample and sufficient notice of the breach of said warranty.

135. Plaintiff prays for judgment against Boston Scientific for $1000000.00 for her injury, pain and suffering.

## COUNT IX.  FRAUDLENT MISRPRESENTATION

## AGAINST Boston Scientific

136. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

137. Defendant Boston Scientific:

    a.  made a false representation of a material fact; namely, the mesh device is not effective as Boston Scientific proclaimed; in addition, the Boston Scientific mesh device has had a host of complications and problems;

    b.  that the Boston Scientific either made a representation knowing that the representation was false, or made the representation recklessly without knowing if it was true; in Ms. Smith's case, Defendant Boston Scientific made a representation, although not directly to Ms. Smith, but to the general public and to physicians that mesh device is effective to fix her SUI conditions. The

26

representation is made recklessly and carelessly, even if Boston Scientific knows

or should have known that mesh device is defective;

    c.   that the Boston Scientific made the representation with the intent to

deceive the Plaintiff;  In this case, Boston Scientific made the representation to

Plaintiff via Dr. Hendricks to the effectiveness of mesh device.  Boston Scientific

knows or should have known that the mesh device is defective and materials are

not suitable to be implanted.

    d.   Plaintiff justifiably relied on the representation; Plaintiff, Ms. Smith, had

to rely on her doctor's recommendation;

    e.   that the Plaintiff, Ms. Smith, suffered damages as a result of her reliance

on the representation and proceeded to have mesh inserted into her body.

138. Plaintiff demands $1,000,000.00 (one million dollars) as compensation for this

count and punitive damages of $1000000.00 (one million dollars).

## COUNT X.  VIOLATION OF D.C. CONSUMER PROTECTION STATUTES

## AGAINST both Dr. Hendricks and Boston Scientific

139. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and

every allegation contained in the preceding paragraphs.

140. D.C. Code §28-3901(a)(2) defines what a consumer is, in this case, it is Plaintiff

Ms. Smith.  Ms. Smith is entitled to D.C. consumer protection under §28-3904.

141. Dr. Hendricks, is a licensed physician, also is a merchant under the D.C. §28-

3904.

142. Plaintiff, Ms. Smith, relied on the Dr. Hendricks' ability and his license and

diagnosis to have mesh implanted in her body.  Neither Dr. Hendricks nor Boston

Scientific informed her fully and provided any alternative for her to make a informed

consent not to have mesh implant. Both Dr. Hendricks and Boston Scientific are liable

under the D.C. Consumer Protection Act to Ms. Smith's failing health and pain and

suffering ever since June 2012.

143. Plaintiff, Ms. Smith, demands a $2000000.00 against both Dr. Hendricks, Boston

Scientific jointly and severally and treble damages as District of Columbia Consumer

Protection Procedure Act (DCPPA).

## COUNT XI. FRAUD BY CONCEALMENT

## AGAINST Boston Scientific Corporation

144. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and

every allegation contained in the preceding paragraphs.

145. At all times mentioned herein, Boston Scientific had the duty and obligations to

disclose to Plaintiff and to her physicians, the true facts concerning the mesh device,

including but not limited to, the multitude of adverse incident reports as described herein:

that is, that said products were dangerous and defective, lacking efficacy for their

purported use and lacking safety in normal use, and how likely there were to cause

serious consequences to users including permanent and debilitation injuries. BS Boston

Scientific C made the affirmative representations as set forth above to Plaintiff, her

physicians, and the general public prior to the date the mesh device was implanted in Ms.

Smith, while concealing material facts.

146. At all times herein mentioned, Boston Scientific willfully and maliciously

concealed facts as set forth above from Plaintiff and her physicians with the intent to

defraud.

147. At all times herein mentioned, neither Plaintiff nor her physicians were aware of

the facts set forth above, and had they been aware of said facts, they would not have

28

acted as they did, that is, would not have reasonably relied upon said representation of safety and efficacy and utilized the mesh device for repairing/correcting her SUI.

148. As a result of the concealment of the facts set forth above, Plaintiff sustained injuries as hereinafter set forth.

149. Wherefore, Plaintiff pray for monetary judgment against Boston Scientific for $1,000,000.00 (one million dollars).

## COUNT XII.  PUNITIVE DAMAGES

### AGAINST All Defendants

150. Plaintiff hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

151. Plaintiff is entitled to punitive damages because Defendant Boston Scientific acted with evil motive, actual malice, with intent to injure and willful disregard for the rights of the plaintiff.

152. Defendant Boston Scientific's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff.   Defendant Boston Scientific committed a tortious act towards Plaintiff; disregard her health to aggravate her injury.

153. Plaintiff prays for the judgment against Boston Scientific for $6000000.00 (six million dollars) for ruthless and wanton behavior to promote the mesh device to implant into Ms. Smith's body.

### JURY DEMAND

154. Plaintiff demands a trial by jury on all issues raised in this complaint.

WHEREFORE, Plaintiff respectfully demands jury trial, and requests that this Court enters a judgment against Defendants jointly and severally.

I, Vicky R. Smith, has read the above statement and sworn that it is true to the best of my knowledge and recollection.

Respectfully submitted,

*Vicky Smith*

Vicky R. Smith (Plaintiff)
2910 Vista Street, N.E.,
Washington, D.C., 20018

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 19 day of June , 2015    *Shan Dong*

Notary Public

Notary Public, D.C.
My commission expires 4/14/ 2019

*B. Marian Chou*

B. Marian Chou, #433279
717 D Street, N.W., #415
Washington, D.C., 20004
202-783-2794; 202-789-1186
bmchou@attorneychou.com
Counsel for the Plaintiff

/S/

Donna Beasley, #434441
419 7th Street, NW Suite 405
Washington, DC  20004
202-393-7347
ATTYBEAS@AOL.COM
Counsel for the Plaintiff

EX

# Bwo Marian Chou, Esq.

717 D Street, NW, #415, Washington, DC  20004   (t) 202-783-2794 (f) 202-898-1995 (e) bmchou@attorneychou.com

September 17, 2014

Boston Scientific Corporation
c/o Corporation Service Company
84 State Street
Boston, MA 02109

Re: Vicky Smith

Via first class mail and certified mail 7010 3090 0002 0172 6204

Dear Sir or Madam,

I am writing this letter on behalf of Ms. Vick Smith regarding the vaginal sling/mesh manufactured by your company.  Ms. Smith's doctor installed the vaginal sling/mesh for her on or about June 21, 2012.

Ms. Smith's doctor has advised her that she needs to have a surgery to remove the device and probably other repair surgeries and/or related medical treatments.

Ms. Smith would like to demand compensation and payments for her medical expenses and pain she suffered in an amount pending the outcome of her future possible surgeries and treatments.

I represent Ms. Vicky Smith on her possible claim(s) against your company and please direct all correspondence regarding this claim to my attention at 717 D Street, NW, #415, Washington, DC 20004

If you have any question, please feel free to contact me at 202-783-2794 or 202-789-1186. My email is bmchou@attorneychou.com.

Your prompt attention is highly appreciated.

Thank you.

Sincerely Yours,

B. Marian Chou



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

☐ Agent
☐ Addressee

C. Date of Delivery

If YES, enter delivery address below:   ☐ Yes   ☐ No

1. Article Addressed to:

Boston Scientific Corporation
c/o Corporation Service Company
84 State Street
Boston, MA 02109

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

SEP 22 2014

2. Article Number
(Transfer from service label)   7010 3090 0002 0172 6204

PS Form 3811, February 2004   Domestic Return Receipt

EX2

# Bwo Marian Chou, Esq.

717 D Street, NW, #415, Washington, DC 20004   (t) 202-783-2794 (f) 202-898-1995 (e) bmchou@attorneychou.com

May 21, 2015

Mr. Barry Wolfman, CEO
George Washington University Hospital
900 23rd Street, N.W.
Washington, D.C.

<u>Via certified mail 7014 0510 0000 2822 6165</u>

<u>Re: Vicky R. Smith's operation on June 22, 2012 by Dr. Frederick Hendricks</u>

Dear Mr. Wolfman,

    I am writing on behalf of Ms. Vicky R. Smith. On June 22, 2012, Dr. Frederick Hendricks inserted a vaginal sling/mesh into Ms. Smith's body in your hospital.

    Ms. Smith suffered from the abnormal bleeding and several other serious symptoms after the mesh was planted. She would like to demand monetary compensation for her medical expense and pain and suffering that she has experienced in an amount pending the outcome all her future treatments.

    If you have any further question, please feel free to contact me at 202-783-2794 or 202-789-1186. E-mail communication is highly recommended if possible. My address is bmchou@attorneychou.com.

    Thank you.

cc: Vicky R. Smith

Sincerely Yours,

B. Marian Chou



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Barry Wolfman
George Washington University
Hospital
900. 23rd st. N.W.
Washington, D.C. 20037

2. Article Number
(Transfer from service label)   7014 0510 0000 2822 6165

PS Form 3811, July 2013   Domestic Return Receipt

EX 3

# Bwo Marian Chou, Esq.

717 D Street, NW, #415, Washington, DC 20004   (t) 202-783-2794 (f) 202-898-1995 (e) bmchou@attorneychou.com

June 11, 2015

The GW Medical Faculty Associates, Inc.
2150 Pennsylvania Ave., N.W.
Washington, D.C., 20037

Via certified mail 7013 3020 0000 7209 6756

**Re: Vicky R. Smith's operation on June 22, 2012 by Dr. Frederick Hendricks**

Dear Sir or Ma'am,

I am writing on behalf of Ms. Vicky R. Smith. On June 22, 2012, Dr. Frederick Hendricks inserted a vaginal sling/mesh into Ms. Smith's body in your hospital.

Ms. Smith suffered from the abnormal bleeding and several other serious symptoms after the mesh was planted. She would like to demand monetary compensation for her medical expense and pain and suffering that she has experienced in an amount pending the outcome all her future treatments.

If you have any further question, please feel free to contact me at 202-783-2794 or 202-789-1186. E-mail communication is highly recommended if possible. My address is bmchou@attorneychou.com.

Thank you.

Sincerely Yours,

B. Marian Chou

English        Customer Service        USPS Mobile                    Register / Sign In

 **USPS.COM**

# USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.com.

Tracking Number: 70133020000072096756

Updated Delivery Day: Tuesday, June 16, 2015

## Product & Tracking Information

**Available Actions**

| Postal Product: | Features: | |
|---|---|---|
| First-Class Mail® | Certified Mail™ | Return Receipt |

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 16, 2015 , 12:53 pm | Delivered | WASHINGTON, DC 20037 |

Your item was delivered at 12.53 pm on June 16, 2015 in WASHINGTON, DC 20037.

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 15, 2015 , 10:18 am | Arrived at Unit | WASHINGTON, DC 20036 |
| June 13, 2015 , 6:51 am | Departed USPS Facility | WASHINGTON, DC 20066 |
| June 12, 2015 , 9:02 am | Arrived at USPS Origin Facility | WASHINGTON, DC 20066 |
| June 11, 2015 , 11:07 pm | Arrived at USPS Origin Facility | GAITHERSBURG, MD 20898 |
| June 11, 2015 , 5:47 pm | Departed Post Office | WASHINGTON, DC 20004 |
| June 11, 2015 , 4:35 pm | Acceptance | WASHINGTON, DC 20004 |

## Track Another Package

Tracking (or receipt) number

[                                    ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



EX 4

# Bwo Marian Chou, Esq.

717 D Street, NW, #415, Washington, DC 20004   (t) 202-783-2794 (f) 202-898-1995 (e) bmchou@attorneychou.com

June 11, 2015

Corporation Service Company
The GW Medical Faculty Associates, Inc.
1090 Vermont Ave., N.W.
Washington, D.C., 20005

Via certified mail 7013 3020 0000 7209 6749

Re: Vicky R. Smith's operation on June 22, 2012 by Dr. Frederick Hendricks

Dear Sir or Ma'am,

I am writing on behalf of Ms. Vicky R. Smith. On June 22, 2012, Dr. Frederick Hendricks inserted a vaginal sling/mesh into Ms. Smith's body in your hospital.

Ms. Smith suffered from the abnormal bleeding and several other serious symptoms after the mesh was planted. She would like to demand monetary compensation for her medical expense and pain and suffering that she has experienced in an amount pending the outcome all her future treatments.

If you have any further question, please feel free to contact me at 202-783-2794 or 202-789-1186. E-mail communication is highly recommended if possible. My address is bmchou@attorneychou.com.

Thank you.

Sincerely Yours,

B. Marian Chou

English        Customer Service        USPS Mobile                                      Register / Sign In

# ◢USPS.COM

## USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

**Tracking Number: 70133020000072096749**

**Updated Delivery Day: Monday, June 15, 2015**

## Product & Tracking Information

**Postal Product:**          **Features:**
                             Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **June 15, 2015 , 2:44 pm** | **Delivered** | **WASHINGTON, DC 20005** |

Your item was delivered at 2:44 pm on June 15, 2015 in WASHINGTON, DC 20005.

| | | |
| --- | --- | --- |
| June 15, 2015 , 7:26 am | Out for Delivery | WASHINGTON, DC 20018 |
| June 15, 2015 , 7:16 am | Sorting Complete | WASHINGTON, DC 20018 |
| June 13, 2015 , 8:36 am | Arrived at Unit | WASHINGTON, DC 20018 |
| June 11, 2015 , 11:07 pm | Arrived at USPS Facility | GAITHERSBURG, MD 20898 |

## Available Actions

Text Updates

Email Updates

## Track Another Package

**Tracking (or receipt) number**

[                                                    ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**





SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

Corporation Service Company
for The CBW Medical Faculty
Associates, Inc.
1090 Vermont Ave NW
Washington, D.C. 20005

7013 3020 0000 7209 6749

# Bwo Mar. n Chou, Esq.

717 D Street, NW, #415, Washington, DC 20004   (t) 202-783-2794 (f) 202-898-1695 (e) bmchou@attorneychou.com

May 26, 2015

Dr. Frederick Hendricks
George Washington University Hospital
900 23rd Street, N.W.
Washington, D.C.

<u>Via certified mail 7014 0510 0000 2822 6158</u>

<u>Re: Vicky R. Smith's operation on June 22, 2012 in GWU hospital</u>

Dear Dr. Hendricks,

I am writing on behalf of Ms. Vicky R. Smith. On June 22, 2012, You inserted a vaginal sling/mesh into Ms. Smith's body in your hospital.

Ms. Smith suffered from the abnormal bleeding and several other serious symptoms after the mesh was planted. She would like to demand monetary compensation for her medical expense and pain and suffering that she has experienced in an amount pending the outcome all her future treatments.

If you have any further question, please feel free to contact me at 202-783-2794 or 202-789-1186. E-mail communication is highly recommended if possible. My address is bmchou@attorneychou.com.

Thank you.

Sincerely Yours,

B. Marian Chou

USPS.com® - USPS Tracking™                                                                                    6/11/15, 16:03

English        Customer Service        USPS Mobile                                                    Register / Sign in

# ◢USPS.COM®

## USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.com.

---

**Tracking Number: 70140510000028226158**

## Product & Tracking Information

**Postal Product:**                **Features:**
                                    Certified Mail™

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 8, 2015 , 2:16 pm | Delivered | WASHINGTON, DC 20004 |

Your item was delivered at 2:16 pm on June 8, 2015 in WASHINGTON, DC 20004.

| | | |
|---|---|---|
| June 3, 2015 , 12:53 pm | Forward Expired | WASHINGTON, DC 20037 |
| May 29, 2015 , 9:59 am | Arrived at Unit | WASHINGTON, DC 20037 |

## Track Another Package

Tracking (or receipt) number

[                                                              ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS.com ›**



---

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

---

EX 5

# Bwo Marian Chou, Esq.

717 D Street, NW, #415, Washington, DC 20004    (t) 202-783-2794 (f) 202-470-1995 (e) bmchou@attorneychou.com

June 5, 2015

Via personal service

Dr. Frederick Hendricks
The GW medical Faculty Associates
Department of Urology
2300 M street, N.W. Suite 210
Washington, D.C. 20037

**Re: Vicky R. Smith's operation on June 22, 2012**

Dear Dr. Hendricks,

I am writing on behalf of Ms. Vicky R. Smith. On June 22, 2012, you inserted a vaginal sling/mesh into Ms. Smith's body in your hospital.

Ms. Smith suffered from the abnormal bleeding and several other serious symptoms after the mesh was planted. She would like to demand monetary compensation for her medical expense and pain and suffering that she has experienced in an amount pending the outcome of all her future treatments.

If you have any further question, please feel free to contact me at 202-783-2794 or 202-789-1186. E-mail communication is highly recommended if possible. My address is bmchou@attorneychou.com.

Thank you.

Sincerely Yours,

B. Marian Chou

## AFFIDAVIT of SERVICE

I, Joe Wade, affirm as following:

   1.  I am presently 65 years of age and reside at 1748 KilBourne Place N.W., Washington D.C., 20010

   2.  On June 5, 2015, around 3:00 p.m., I delivered a letter contains notice of intent to sue to Dr. Frederick B. Hendricks' office located at 2300 M Street, N.W., suite 210, Washington D.C., 20037 for B. Marian Chou Esq.

   3.  A female receptionist named Charnita, about 5'2 to 5'6, dark brown complexion in a wrap accepted the notice of intent letter on behalf of Dr. Frederick Hendricks.

*Joseph Wade 6/11/20k*

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this __11__ day of __June__, __2015__
Notary Public, D.C.
My commission expires __4/14/2019__



U.S. POSTAGE
PAID
WASHINGTON, DC
20001
JUN 28, 15
AMOUNT
$8.99
R2304M11561418

02109

1000

UNITED STATES
POSTAL SERVICE®

7003 2260 0001 3866 9278

B Marian Chou
717 D St. NW #415
Washington, DC 20004

Boston Scientific Corporation

84 State Street

Boston, MA 02109

BSC



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

9 X 12

Divider Page – Intentionally Left Blank

Filed
D.C. Superior Court
07/17/2015 17:07PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

VICKY R. SMITH,               )

                  **Plaintiff,**   )

         -vs.-              )

FREDERICK B. HENDRICKS,   )
MEDICAL FACULTY ASSOCIATES, INC.,)
and                            )
BOSTON SCIENTIFIC CORPORATION,  )

            **Defendants.**   )

Civil Action No. 2015 CA 004579 M

Judge Maurice A. Ross

Civil Calendar 6

Next Event:
Initial Conference on
September 25, 2015 at 9:00 a.m.

### CONSENT MOTION FOR EXTENSION OF TIME
### TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

        COMES NOW Defendant Boston Scientific Corporation ("Boston Scientific") and hereby respectfully moves the Court to extend Boston Scientific's deadline to answer or otherwise respond to Plaintiff Vicky R. Smith's ("Plaintiff") Complaint up to and including August 7, 2015.  In support of this motion, Defendant Boston Scientific states the following:

        1.  Plaintiff and Boston Scientific have agreed that Boston Scientific's deadline to answer or otherwise respond to Plaintiff's Complaint should be extended to August 7, 2015.

        2.  Defendant requests up to and including August 7, 2015 due to the complexity of the case.

        3.  The requested time is necessary for the proper and efficient defense of plaintiff's claims and is not sought for purposes of undue delay.

        4.  None of the parties will be prejudiced by the requested extension.

WHEREFORE, Boston Scientific respectfully requests that the Court issue the attached proposed order extending Boston Scientific's deadline to answer or otherwise respond to Plaintiff's Complaint up to and including August 7, 2015, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P

/s/ John Chadwick Coots
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON L.L.P
1155 F Street N.W., Suite 200
Washington, D.C.  20004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
jcoots@shb.com

**ATTORNEY FOR DEFENDANT**
**BOSTON SCIENTIFIC CORPORATION**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| VICKY R. SMITH,         ) | Civil Action No. 2015 CA 004579 M |

VICKY R. SMITH,      )

     **Plaintiff,**   )   **Civil Action No. 2015 CA 004579 M**

          )

   **-vs.-**      )   **Judge Maurice A. Ross**

          )

**FREDERICK B. HENDRICKS,**  )   **Civil Calendar 6**

**MEDICAL FACULTY ASSOCIATES, INC.,**)

**and**         )   **Next Event:**

**BOSTON SCIENTIFIC CORPORATION,** )   **Initial Conference on**

          )   **September 25, 2015 at 9:00 a.m.**

     **Defendants.**   )

## RULE 12-I(a) CERTIFICATION

Pursuant to Superior Court Rule 12-I(a), Defendant Boston Scientific Corporation ("Boston Scientific"), by and through its undersigned counsel, certifies that it contacted counsel for Plaintiff Vicky R. Smith ("Plaintiff") to ascertain whether Plaintiff opposes the relief requested in Boston Scientific's Consent Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint. Plaintiff's counsel stated that Plaintiff does not oppose the relief requested in Boston Scientific's motion.

Counsel for the co-defendants, Dr. Frederick Hendricks and Medical Faculty Associates, Inc., had not yet entered appearances at the time of filing this motion. Pursuant to Superior Court Rule 12-I(a), Boston Scientific's counsel mailed correspondence to the co-defendants requesting consent to the motion. However, the co-defendants had not yet responded by the time this motion was filed.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P

/s/ John Chadwick Coots
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON L.L.P
1155 F Street N.W., Suite 200
Washington, D.C.  20004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
jcoots@shb.com

**ATTORNEYS FOR DEFENDANT
BOSTON SCIENTIFIC CORPORATION**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

VICKY R. SMITH,                         )
                                        )
                  Plaintiff,            )        Civil Action No. 2015 CA 004579 M
                                        )
           -vs.-                        )        Judge Maurice A. Ross
                                        )
                                        )        Civil Calendar 6
FREDERICK B. HENDRICKS,                 )
MEDICAL FACULTY ASSOCIATES, INC.,)
and                                     )        Next Event:
BOSTON SCIENTIFIC CORPORATION,          )        Initial Conference on
                                        )        September 25, 2015 at 9:00 a.m.
                  Defendants.           )

## POINTS AND AUTHORITIES

1.    Rule 12-I of the Superior Court Rules of Civil Procedure.

2.    The record herein.


Respectfully submitted,

SHOOK, HARDY & BACON L.L.P

/s/ John Chadwick Coots
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON L.L.P
1155 F Street N.W., Suite 200
Washington, D.C.  20004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
jcoots@shb.com

**ATTORNEYS FOR DEFENDANT
BOSTON SCIENTIFIC CORPORATION**

7065385 v3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| VICKY R. SMITH,                                   )<br>                                                   )<br>                   Plaintiff,          )<br>                                                   )<br>          -vs-                                     )<br>                                                   )<br>FREDERICK B. HENDRICKS,          )<br>MEDICAL FACULTY ASSOCIATES, INC.,)<br>and                                                )<br>BOSTON SCIENTIFIC CORPORATION,   )<br>                                                   )<br>                   Defendants.       )<br>_____)  | Civil Action No. 2015 CA 004579 M<br><br>Judge Maurice A. Ross<br><br>Civil Calendar 6<br><br>Next Event:<br>Initial Conference on<br>September 25, 2015 at 9:00 a.m. |

[PROPOSED] ORDER

This matter is before the Court on Defendant Boston Scientific Corporation's ("Boston Scientific") Consent Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint.  Upon consideration of the Motion and it appearing that good cause exists to grant said Motion, it is hereby

**ORDERED** that the Motion is **GRANTED** and that Boston Scientific is granted up to and including August 7, 2015, in which to file a responsive pleading or otherwise respond to the Complaint.

This the _____ day of July, 2015

_____
Judge Maurice A. Ross
Superior Court of the District of Columbia

cc:  Appended List of Counsel

7065385 v3

## List of Counsel

B. Marian Chou
717 D Street, N.W., Suite 415
Washington, D.C.  20004
bmchou@attorneychou.com
**Attorney for Plaintiff**

Donna Beasley
419 7th Street, N.W., Suite 405
Washington, D.C.  20004
attybeas@aol.com
**Attorney for Plaintiff**

Dr. Frederick B. Hendricks
2300 M Street, N.W., Suite 210
Washington, D.C. 20037
**Defendant**

Medical Faculty Associates, Inc.
c/o Corporation Service Company
1090 Vermont Ave., N.W.
Washington, D.C. 20005
**Defendant**

John Chad Coots
Shook, Hardy & Bacon, LLP
1155 F Street, N.W., Ste. 200
Washington, DC 20004
jcoots@shb.com
**Attorneys for Defendant Boston Scientific
Corporation**

7065385 v3

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2015, I caused the following documents:

MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND
TO PLAINTIFF'S COMPLAINT; PROPOSED ORDER; and
CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter:

B. Marian Chou
717 D Street, N.W., Suite 415
Washington, D.C.  20004
bmchou@attorneychou.com
**Attorney for Plaintiff**

Donna Beasley
419 7th Street, N.W., Suite 405
Washington, D.C.  20004
attybeas@aol.com
**Attorney for Plaintiff**

I further certify that on the same date first written above true and accurate copies of the foregoing documents were mailed via first-class U.S. mail, postage pre-paid, to following:

Dr. Frederick B. Hendricks
2300 M Street, N.W., Suite 210
Washington, D.C. 20037
**Defendant**

Medical Faculty Associates, Inc.
c/o Corporation Service Company
1090 Vermont Ave., N.W.
Washington, D.C. 20005
**Defendant**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**BOSTON SCIENTIFIC CORPORATION**

7065385 v3

Divider Page – Intentionally Left Blank

Filed
D.C. Superior Court
07/17/2015 16:59PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VICKY R. SMITH,                          )
2910 Vista Street, N.E.                  )
Washington, DC 20018                     )     Civil Action No. 2015 CA 004579 M
                **Plaintiff,**   )
                                 )     Judge Maurice A. Ross
        **vs.**                          )
                                 )     Civil Calendar 6
FREDERICK B. HENDRICKS,                  )
2300 M Street N.W., Suite 210            )     NEXT EVENT:  Initial Conference on
Washington, DC 20037                     )     September 25, 2015 at 9:00 a.m.
                                 )
MEDICAL FACULTY ASSOCIATES, INC.,)
2150 Pennsylvania Ave., N.W.             )
Washington, DC 20037                     )
                                 )
and                                      )
                                 )
BOSTON SCIENTIFIC CORPORATION,           )
300 Boston Scientific Way                )
Marlborough, MA 01752                    )
                                 )
                **Defendants.**  )

## DEFENDANT BOSTON SCIENTIFIC CORPORATION'S DISCLOSURE
## OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Pursuant to Superior Court Rule of Civil Procedure 7.1, Defendant Boston Scientific Corporation provides the following Corporate Disclosure Statement.  Boston Scientific Corporation has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

SHOOK, HARDY & BACON LLP

By /s/ John Chadwick Coots
John Chadwick Coots, D.C. Bar No. 461979
1155 F Street, N.W., Suite 200
Washington, DC 20004
Telephone: (202) 783-8400

612992 v1

Facsimile: (202) 783-4211
jcoots@shb.com

**ATTORNEYS FOR DEFENDANT
BOSTON SCIENTIFIC CORPORATION**

612992 v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2015, I caused the following documents:

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S DISCLOSURE OF
CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS; and CERTIFICATE
OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service,
CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-
filing participants in this matter:

B. Marian Chou
717 D Street, N.W., Suite 415
Washington, D.C.  20004
bmchou@attorneychou.com
**Attorney for Plaintiff**

Donna Beasley
419 7th Street, N.W., Suite 405
Washington, D.C.  20004
attybeas@aol.com
**Attorney for Plaintiff**

I further certify that on the same date first written above true and accurate copies of the
foregoing documents were mailed via first-class U.S. mail, postage pre-paid, to following:

Dr. Frederick B. Hendricks
2300 M Street, N.W., Suite 210
Washington, D.C. 20037
**Defendant**

Medical Faculty Associates, Inc.
c/o Corporation Service Company
1090 Vermont Ave., N.W.
Washington, D.C. 20005
**Defendant**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**BOSTON SCIENTIFIC CORPORATION**

3

Divider Page – Intentionally Left Blank

Filed
D.C. Superior Court
07/20/2015 13:19PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| VICKY R. SMITH, | ) | |
| | ) | **Civil Action No. 2015 CA 004579 M** |
| Plaintiff, | ) | |
| | ) | **Judge Maurice A. Ross** |
| -vs.- | ) | |
| | ) | **Civil Calendar 6** |
| FREDERICK B. HENDRICKS, | ) | |
| MEDICAL FACULTY ASSOCIATES, INC., | ) | **Next Event:** |
| and | ) | **Initial Conference on** |
| BOSTON SCIENTIFIC CORPORATION, | ) | **September 25, 2015 at 9:00 a.m.** |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This matter is before the Court on Defendant Boston Scientific Corporation's ("Boston Scientific") Consent Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint. Upon consideration of the Motion and it appearing that good cause exists to grant said Motion, it is hereby

**ORDERED** that the Motion is **GRANTED** and that Boston Scientific is granted up to and including August 7, 2015, in which to file a responsive pleading or otherwise respond to the Complaint.

This the 20th day of July, 2015

*Maurice A. Ross*

Judge Maurice A. Ross
Superior Court of the District of Columbia

cc: Appended List of Counsel

## List of Counsel

B. Marian Chou
717 D Street, N.W., Suite 415
Washington, D.C.  20004
bmchou@attorneychou.com
**Attorney for Plaintiff**

Donna Beasley
419 7th Street, N.W., Suite 405
Washington, D.C.  20004
attybeas@aol.com
**Attorney for Plaintiff**

Dr. Frederick B. Hendricks
2300 M Street, N.W., Suite 210
Washington, D.C. 20037
**Defendant**

Medical Faculty Associates, Inc.
c/o Corporation Service Company
1090 Vermont Ave., N.W.
Washington, D.C. 20005
**Defendant**

John Chad Coots
Shook, Hardy & Bacon, LLP
1155 F Street, N.W., Ste. 200
Washington, DC 20004
jcoots@shb.com
**Attorneys for Defendant Boston Scientific
Corporation**

Divider Page – Intentionally Left Blank

Filed
D.C. Superior Court
07/24/2015 19:29PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (Civil Division)

|  |  |  |
|---|---|---|
| **VICKY R. SMITH,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2015 CA 4579 M** |
| | : | **Judge Maurice Ross** |
| **v.** | : | **Next Event: Initial Scheduling** |
| | : | **Conference: September 25, 2015** |
| **FREDERICK B. HENDRICKS, M.D., et. al.** | : | |
| | : | |
| **Defendants.** | : | |

---

### PRAECIPE TO EXTEND TIME FOR DEFENDANTS FREDERICK HENDRICKS, M.D. AND MEDICAL FACULTY ASSOCIATES, INC. TO ANSWER PLAINTIFF'S COMPLAINT

COME NOW Defendants Frederick B. Hendricks, M.D. and Medical Faculty Associates, Inc., ("MFA") by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and hereby file this Praecipe pursuant to Rule 55(a)(2) of the D.C. Superior Court Rules of Civil Procedure to extend the time for Defendants to file their responsive pleading to the Complaint filed by Plaintiff Vicky Smith, and in support hereof, state as follows:

1.      Plaintiff filed suit in the above-captioned action on or about June 19, 2015, against Defendants, including Dr. Hendricks and MFA.

2.      According to the online docket entries of July 9, 2015, Plaintiff files affidavits of service indicating that the Complaint was served on Defendants Dr. Hendricks and MFA on July 6, 2015.

3.      Calculating based on the date of service indicated on the docket, pursuant to Rule 12(a), Defendants' Answer or other Responsive Pleading must be filed by July 27, 2015.

4.      D.C. Superior Court Rule of Civil Procedure 55(a)(2) provides, in relevant part, that "the time to plead or otherwise defend may be extended by one of the following . . . (2) A praecipe, signed by the plaintiff(s) and defendant(s) in question or their attorneys of record and

816675v.1

filed with the Court, which provides for a one-time extension of not more than 20 days within which to plead or otherwise respond."

4.      Plaintiff and Defendants Dr. Hendricks and MFA have agreed to extend the deadline for Dr. Hendricks and MFA to file their answer or other responsive pleading from July 27, 2015 until August 14, 2015.

Respectfully submitted,


_/s/ Robert W. Goodson_____
Robert W. Goodson, Esquire #235239
Robert.goodson@wilsonelser.com
Callyson T. Grove, Esquire #1015612
Callyson.grove@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
700 11th Street, N.W., Suite 400
Washington, DC 20001
(202) 626-7660
*Counsel for Frederick Hendricks, MD and Medical Faculty Associates, Inc.*


*AND*

_/s/ Donna Beasley (w/ permission)_____
Donna Beasley, Esquire #434441
attybeas@aol.com
419 7th Street, NW, Suite 405
Washington, DC 20004
(202) 393-7347
*Counsel for Plaintiff Vicky Smith*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July 2015, I served a copy of the foregoing

Praecipe to Extend Time for Defendants Frederick Hendricks, MD and Medical Faculty

Associates, Inc., to Answer via CaseFileXpress on the following:

Donna Beasley, Esquire
419 7th Street, NW, Suite 405
Washington, DC 20004
*Counsel for Plaintiff Vicky Smith*

B. Marian Chou, Esquire
717 D Street, NW, Suite 415
Washington, DC 20004
*Counsel for Plaintiff Vicky Smith*

John Chadwick Coots, Esquire
SHOOK, HARDY & BACON, LLP
1155 F Street, NW, Suite 200
Washington, DC 20004
*Counsel for Defendant Boston Scientific Corporation*


                                                  */s/ Robert W. Goodson*
                                                  Robert W. Goodson, Esq.